2001 OK 64

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Danny Ray BROWN, Respondent.**

**No. SCBD–4603.**

Supreme Court of Oklahoma.

July 3, 2001.

Allen J. Welch, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Complainant.

Danny Ray Brown, Lawton, OK, pro se Respondent.

ORDER

¶ 1 Upon the filing of a complaint with the Oklahoma Supreme Court, Respondent, Danny Ray Brown, has tendered his resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings. The Bar has filed an application for approval of Respondent's resignation. Upon consideration of this matter, we find:

1) On May 16, 1989, this Court entered an Order suspending Respondent from the practice of law for a period of six months. *OBA v. Brown*, 1989 OK 75, 773 P.2d 751.

2) On December 8, 1999, this Court entered an Order suspending Respondent from the practice of law for a period of two years and one day. *OBA v. Brown*, 1998 OK 123, 990 P.2d 840.

3) Respondent executed his resignation on June 19, 2001.

4) Respondent's resignation was freely and voluntarily tendered; he was not subject to coercion or duress; he was fully aware of the consequences of submitting his resignation. Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, ch. 1, app. 1–A (Supp.1997).

5) Respondent was aware of a complaint filed with the Office of Chief Justice by the Office of the General Counsel on March 9, 2001, which involved three counts of professional misconduct which originated from a grievance received from Virginia Dunn. Respondent was aware that, if proven, the alleged conduct would constitute violations of Rules 1.2(a), 1.4(a), 1.15(b), 8.1(a), 8.1(b), and 8.4(c) of the Oklahoma Rules of Professional Conduct, 5 O.S. ch. 1, app. 1–A (1997 Supp.), and Rules 1.3, 1.4, and 5.2, Rules Govern-

ing Disciplinary Proceedings, 5 O.S. ch. 1, app. 1–A (Supp.1997), and his oath as an attorney.

6) Respondent was aware that three additional grievances made by Don Mercer, Claudine Williams, and A.C. Baker had been received by the Office of the General Counsel and one grievance was initiated by the General Counsel. Respondent was aware that these four grievances involved engaging in the unauthorized practice of law and could adversely affect his license to practice law should he ever apply for reinstatement.

7) Respondent was aware that, pursuant to Rule 8.2, RGDP, either the approval or disapproval of this resignation is within the discretion of the Oklahoma Supreme Court.

8) Respondent has familiarized himself with the provisions of Rule 9.1, RGDP, and agrees to comply with all provisions of Rule 9.1 within twenty days following the date of his resignation.

9) Respondent acknowledges and agrees that in order to be reinstated to the practice of law, he may do so in full compliance with the conditions and procedures prescribed by Rule 11, RGDP, and may make no application for reinstatement prior to the expiration of five (5) years from the effective date of the Order approving this Resignation Pending Disciplinary Proceedings.

10) Respondent agrees to reimburse the Bar Association should the Bar pay out any funds to his former clients through the Client Security Fund. Should any funds be paid through the Client Security Fund, respondent agrees to reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

11) Respondent's name and address as shown by the records maintained by the Oklahoma Bar Association is: Danny Ray Brown, OBA # 1176, P.O. Box 1026, Lawton, OK 73501. He was admitted to practice law on April 20, 1973.

¶2 **IT IS THEREFORE ORDERED** that Complainant's application and respondent's resignation be approved.

¶3 **IT IS FURTHER ORDERED** that Respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from December 9, 2001.

¶4 **IT IS FURTHER ORDERED** that respondent comply with Rule 9.1, Rules Governing Disciplinary Proceedings.

¶5 **IT IS FURTHER ORDERED** that Respondent reimburse the Client Security Fund of the Oklahoma Bar Association, including interest at the statutory rate, should it pay any funds to his former clients for claims made due to his alleged misconduct.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 2ND DAY OF JULY, 2001.

¶6 HODGES, LAVENDER, OPALA, KAUGER, SUMMERS, BOUDREAU, and WINCHESTER, JJ., concur.

¶7 WATT, V.C.J., dissents.

WATT, V.C.J.-dissents:

¶1 I would disbar this respondent from the practice of law.